```
UNITED STATES DISTRICT COURT                USDC SDNY
SOUTHERN DISTRICT OF NEW YORK               DOCUMENT
                                            ELECTRONICALLY FILED
                                            DOC#: _____
 DONALD ADDISON MANZANO,                    DATE FILED: 8/15/23

                       Plaintiff,
                                            23-CV-6013 (ALC)
          -against-
                                            ORDER OF SERVICE
 CREDIT CONTROL, LLC,

                       Defendant.
```

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff, who is appearing *pro se*, brings this action under the Fair Credit Reporting Act. By order dated August 1, 2023, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Credit Control, LLC through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Clerk of Court is instructed to (1) issue a summons for Credit Control, LLC, (2) complete the USM-285 form with the address for Defendant, (3) deliver all documents necessary to effect service to the U.S. Marshals Service, and (4) mail Plaintiff an information package.

**SO ORDERED.**

**Dated:  August 15, 2023**
**          New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

**DEFENDANT AND SERVICE ADDRESS**

Credit Control LLC
5757 Phantom Drive, Ste. 330
Hazelwood, MO. 63042