UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANZANO,

                         Plaintiff,

         -against-

CREDIT CONTROL LLC,

                        Defendant.

23-CV-06013

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

      The Court considers herein Defendant Credit Control LLC's ("Defendant") motion to dismiss Donald Addison Manzano's ("Plaintiff") August 6, 2024 Amended Complaint. For the reasons discussed below, Defendants' motion to dismiss is **GRANTED without prejudice**.

## BACKGROUND

      Plaintiff alleges that he reviewed his Experian consumer credit report in June 2023 and noticed an unauthorized inquiry from the Defendant dating back to November 21, 2022. ECF No. 34 ("Am. Compl.") at 5. On April 24, 2024, Plaintiff reviewed his Experian credit report again and observed another unauthorized inquiry from the Defendant dating back to December 22, 2023. *Id.* Plaintiff reached out to Defendant's lawyer to ask why Credit Control had reviewed the consumer report, but he was purportedly not told the reason for the inquiries. *Id.* Plaintiff also did not himself initiate a consumer credit transaction, have an account, or have an outstanding contractual obligation with Defendant. *Id.* From this, Plaintiff alleges that Defendant violated Section 1681b of the Fair Credit Reporting Act ("FCRA") by failing to have a permissible purpose or other lawful grounds upon which to obtain his credit report. *Id.* Plaintiff describes Defendant's conduct as "abusive, deceptive, unfair, and unlawful," as well as

"willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from the defendants [*sic*] conduct." *Id.* at 6.

## LEGAL STANDARD

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). However, the Court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Claims should be dismissed when a plaintiff has not pleaded enough facts that "plausibly give rise to an entitlement for relief." *Id.* at 679. A claim is plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). While not akin to a "probability requirement," the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Accordingly, where a plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

## DISCUSSION

"To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose[,]

and that the violation was willful or negligent[.]" *Perl v. Am. Express*, No. 12-CV-4380 (ER), 2012 U.S. Dist. LEXIS 94804, at *6 (S.D.N.Y. July 9, 2012) (internal citations omitted). Where an FRCA plaintiff pleads a defendant's willful noncompliance with the FCRA, they "must show that the defendant acted in conscious disregard of the consumer's rights or that the defendant's noncompliance with the FCRA was deliberate and purposeful." *Spector v. Trans Union LLC First USA Bank, N.A.*, 301 F. Supp. 2d 231, 237 (D. Conn. 2004). Where negligence is pleaded, the plaintiff must establish that they were entitled to actual damages. *See Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 240 (S.D.N.Y. 2014).

The Amended Complaint does not contain any allegations that Plaintiff suffered any actual damages. Therefore, Plaintiff's FCRA claims can not survive based upon a negligence theory. The Amended Complaint does contain many threadbare conclusory assertions of Defendant's "willfulness" but does not advance any actual facts upon which such a finding could be made. As in *Perl*, Mr. Manzano "alleges no facts that would establish that Defendant[] knew they had no permissible purpose or recklessly disregarded their obligation to have a permissible purpose under the law." *Perl*, 2012 U.S. Dist. LEXIS 94804 at *6. Additionally, Mr. Manzano's "allegation that he had no account with Defendants or no account on which Defendants were entitled to collect does not speak to their state of mind. Defendants' conduct could just as likely have been unintentional, and so Mr. Perl has failed to state a claim." *Id.*

## CONCLUSION

For the foregoing reasons, Defendant's motion is **GRANTED** without prejudice. Plaintiff may file an amended complaint by October 22, 2024.

**SO ORDERED.**

**Dated:  September 27, 2024**

                                                            **/s/ Andrew Carter**
**New York, New York**                           **ANDREW L. CARTER, JR.**
                                                        **United States District Judge**